```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Allen Rheaume,                    :
        Plaintiff,                :
                                  :
        v.                        :   File No. 1:08-CV-4
                                  :
Robert Hofmann, Debbie,           :
Thibault, Jerri                   :
Brouillette,                      :
        Defendants.               :
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 6, 7 and 10)

Plaintiff Allen Rheaume, a Vermont inmate proceeding *pro se*, brings this action claiming that the defendants' misconduct resulted in his wrongful detention and, ultimately, conviction for violating his probation. He brings his complaint pursuant to 42 U.S.C. § 1983.

Currently pending before the Court is the defendants' motion to dismiss, in which they assert (1) sovereign immunity, (2) lack of personal involvement, and (3) the rule set forth by the Supreme Court in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) barring civil suits under § 1983 where the plaintiff's success would necessarily invalidate his criminal conviction. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and this case be DISMISSED.

## Factual Background

For purposes of the pending motion to dismiss, the facts set forth in the complaint will be accepted as true. Rheaume alleges that he was wrongfully arrested and held without bail on a charge of violating his probation. The violation charge was based, in part, upon three drug tests. The first such test, conducted on July 17, 2007, was deemed positive because Rheaume admitted to his probation officer, defendant Jerri Brouillette, that he had used "cannabinoids (pot)." Rheaume alleges that the State was not allowed to hold him accountable for a second positive test within 30 days after the July 17, 2007 test. Nonetheless, he claims, he was tested again on August 3 and 10, 2007, and the probation violation charge was issued on August 10, 2007.

Rheaume next claims that he missed two substance abuse counseling sessions. It is not clear from the complaint that he was punished for missing these sessions. Rheaume notes, however, that the counseling sessions were mandated by the Vermont Department of Motor Vehicles, and not Vermont Probation and Parole.

The third claim in the complaint is that defendant Brouillette submitted false testimony in the August 10, 2007 warrant application.  Specifically, Brouillette allegedly accused Rheaume of having used drugs, and of hurting women and children.  In his "Fourth Cause of Action," Rheaume alleges that as a result of these allegedly false statements, he was detained without bail.  The defendants report that, subsequent to Rheaume's filing his complaint, the Franklin District Court revoked his probation and sentenced him to serve "the unsuspended portion of his sentence of 55 Days to Life, all suspended but 5 years, 55 days."  (Paper 10 at 2).  Rheaume now seeks compensatory and punitive damages totaling $250,000.

## Discussion

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  To survive dismissal, a complaint must plead enough facts to be plausible on its face.  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)

(citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

The defendants first argue that a damages claim brought against them in their official capacities is barred by the Eleventh Amendment. The Eleventh Amendment prohibits suits in federal court by citizens against a state and its agencies, absent a waiver of immunity and consent to suit by the state or a valid abrogation of constitutional immunity by Congress. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993); Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). The Eleventh Amendment also bars claims against state employees sued in their official capacities. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Pennhurst, 465 U.S. at 102.

Relevant to this case, there has been no waiver of Vermont's sovereign immunity and no abrogation of that immunity by Congress. Indeed, the Vermont legislature has specifically preserved the State's immunity under the Eleventh Amendment. See 12 V.S.A. § 5601(g). Accordingly, Rheaume's damages claims against the

defendants in their official capacities should be DISMISSED.

Defendants Hofmann and Thibault next contend that they are entitled to dismissal in their individual capacities because the complaint does not claim that they were personally involved in any unlawful conduct. The complaint makes no specific reference to either Hofmann, the Commissioner of the Vermont Department of Corrections ("DOC"), or Thibault, a DOC Superintendent, beyond naming them as parties. The Second Circuit has made clear that, for a supervisory defendant to be held liable under § 1983, the claim cannot rest on respondeat superior.

> "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (citing Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989)). To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations. See Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995). By the same token, however, mere "linkage in the prison chain of command" is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim. Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985); see also Wright v. Smith, 21 F.3d 496, 501

> (2d Cir. 1994) (noting that a defendant in a § 1983 action may not be held liable for constitutional violations merely because he held a high position of authority).
>
> Supervisor liability under § 1983 "can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." Hernandez, 341 F.3d at 145; see also Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Rheaume has failed to allege any direct participation by Hofmann or Thibault. Nor does he claim that these defendants failed to provide a remedy, or that defendant Brouillette was following a sanctioned policy or custom. Further, the complaint makes no allegation of grossly negligent supervision. Rheaume has, therefore, failed to raise a plausible individual capacity claim against either Hofmann or Thibault under § 1983.

The defendants' final argument is that Rheaume's claims are barred under Heck v. Humphrey, 512 U.S. 477

6

(1994).  In <u>Heck</u>, the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus."  <u>Id.</u> at 487.  The <u>Heck</u> rule has been applied in the context of probation revocations.  <u>See</u>, <u>e.g.</u>, <u>Hannah v. Davis</u>, 2008 WL 516750, at *2 (W.D.N.Y. Feb. 25, 2008); <u>Davis v. Cotov</u>, 214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002); <u>White v. Gittens</u>, 121 F.3d 803 (1st Cir. 1997).

Here, Rheaume is clearly challenging the validity of his probation revocation.  He first claims that Brouillette failed to follow proper procedures during drug testing.  He next alleges that his probation was revoked based upon conduct that was not prohibited in the probation order.  Finally, he claims that Brouillette made false statements that resulted in his re-incarceration.  If Rheaume were to prove that these

7

factual allegations are true, his success would necessarily call into question the validity of his conviction.

Furthermore, Rheaume does not allege that he has established the invalidity of his parole revocation in an appropriate state or federal proceeding. Instead, he has twice moved for a stay in this case "until things become decided in (Vermont) District, Superior and Supreme Court concerning the matters in this complaint." (Paper 7). Until Rheaume can show that his probation violation has been reversed, expunged, or declared invalid, he has no cognizable claim under § 1983. Heck, 512 U.S. at 486-87.

Rheaume's opposition to the motion to dismiss does not address any substantive issues, asking only that the Court extend a previously-requested stay. (Paper 12). No stay was ever entered in this case, and the Court sees no need for a stay in light of the discussion above. However, because the motions to stay imply that Rheaume is pursuing relief in state court, his § 1983 claims should be dismissed without prejudice so that he may pursue them again, if necessary and provided that he

satisfies all substantive and procedural requirements, once <u>Heck</u> is no longer an impediment to his filing.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 10) be GRANTED, and that this case be DISMISSED without prejudice. Rheaume's motions to stay (Papers 6 and 7) are DENIED.

Dated at Burlington, in the District of Vermont, this 28<u>th</u> day of May, 2008.


<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).